**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHELLE RENEE HECKERMAN, | ) | NO. SA CV 16-840-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | **AND ORDER OF REMAND** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on May 4, 2016, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 8, 2016.

///

Plaintiff filed a motion for summary judgment on September 26, 2016. Defendant filed a motion for summary judgment on October 26, 2016. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 5, 2016.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former store laborer and warehouse supervisor, asserts disability since April 25, 2012, based on a combination of alleged impairments (Administrative Record ("A.R.") 44-70, 176, 207, 224-25). An Administrative Law Judge ("ALJ") found Plaintiff suffers from "the following severe impairments: status post bilateral knee surgeries; carpal tunnel syndrome, left worse than right; obesity; fibromyalgia; and degenerative disc disease of the cervical and lumbar spine," impairments which preclude the performance of Plaintiff's past work (A.R. 22, 33). The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a range of sedentary work requiring walking for two hours in an 8-hour workday and the frequent use of both hands for fine and gross manipulation (A.R. 26-27, 29). In reliance on the testimony of a vocational expert, the ALJ concluded that a person having this capacity could perform the jobs of charge account clerk and telephone information clerk (A.R. 33-34; see A.R. 70-71). The ALJ therefore denied disability benefits as of the date of the decision (September 25, 2014) (A.R. 34).

The Appeals Council considered additional evidence, but denied review (A.R. 1-5). This denial made the ALJ's decision the final

decision of the Administration (A.R. 1).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

For the reasons discussed below, this case is remanded for further development of the administrative record regarding Plaintiff's ability to walk and to use her hands.

"[T]he ALJ has a special duty to fully and fairly develop the record to assure the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("this duty exists even when the claimant is represented by counsel."); see also Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he

4

needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record.") (citations omitted).

With regard to Plaintiff's ability to walk, the existing record is replete with observations of Plaintiff's reliance on a wheelchair or a walker to ambulate (A.R. 365, 571, 576, 613, 616, 619-20, 700, 701, 710, 715). The Administration nevertheless concluded that Plaintiff has no medical need for a walker or a wheelchair and can walk up to two hours. In support of this conclusion, the Administration stated, <u>inter</u> <u>alia</u>: (1) Plaintiff "reported she can walk a 100 yards" (A.R. 27); (2) an examiner noted Plaintiff "to have a normal gait" (A.R. 28); and (3) "the record . . . does not indicate that the claimant needs any assistive devices to ambulate . . . there is no indicate [sic] that these assistive devices [walker or wheelchair] were ever prescribed or are medically necessary . . ." (A.R. 25). These statements by the Administration partially mischaracterize the administrative record.

First, Plaintiff did not report she can always walk 100 yards; she reported that her walking tolerance depended on her pain level and that such tolerance "ranges from a few feet to I would guess maybe 100 yds before I have to sit down" (A.R. 226). Second, the examiner cited by the Administration as supposedly having observed a "normal gait" actually observed Plaintiff to be using a rolling walker and reported "gait and balance are within normal limits . . . although there is

mild limp on the right" (A.R. 571).

Third, and perhaps most significantly, the record reflects that Plaintiff's treating physician, Dr. Stanley Katz, believes that assistive devices are medically necessary. Dr. Katz opined Plaintiff cannot walk more than 15 feet and should neither walk nor stand more than 5 minutes per hour (A.R. 704, 709-10). Moreover, Dr. Katz identified a "power scooter" as part of his treatment plan for Plaintiff (A.R. 710).[1]

A material mischaracterization of the record can warrant remand. See, e.g., Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999). The above described mischaracterizations in the present case are potentially material.

With regard to Plaintiff's ability to use her hands, the Administration's decision appears to contain an internal inconsistency. The Administration interpreted the record to "indicate that the claimant is still able to do occasional gross manipulation

---

[1] Some of Dr. Katz's records were before the Appeals Council but not before the ALJ. Under controlling Ninth Circuit precedent, this Court must analyze evidence considered for the first time by the Appeals Council when determining whether the ALJ's decision is "supported by substantial evidence" and "free of legal error." See Brewes v. Commissioner, 682 F.3d at 1163; Taylor v. Commissioner, 659 F.3d at 1231; Ramirez v. Shalala, 8 F.3d at 1452. As this Court previously has observed, under current Ninth Circuit jurisprudence "it does not matter whether the ALJ's decision when made was supported by substantial evidence and was free of legal error on the record then existing, if later submitted evidence [considered by the Appeals Council] materially undermines the ALJ's decision." Warner v. Astrue, 859 F. Supp. 2d 1107, 1115 n.10 (C.D. Cal. 2012).

1  and fine fingering" (A.R. 29).  In social security terminology,
2  "occasional" means "occurring from very little up to one-third of the
3  time."  See Social Security Ruling ("SSR") 83-10.  Yet, the
4  Administration also found Plaintiff retains the residual functional
5  capacity for "frequent use of the bilateral hands for fine and gross
6  manipulation" (A.R. 27).  In social security terminology, "frequent"
7  "means occurring one-third to two-thirds of the time."  See SSR 83-10.
8  A finding of an ability to use hands frequently is inconsistent with a
9  finding of an ability to use hands only occasionally.

    Plaintiff's treating physician and one of her examining physicians opined Plaintiff is profoundly limited in her ability to use her hands.  Dr. Katz, Plaintiff's treating physician, stated that Plaintiff should perform "no repetitive hand activities" (A.R. 710; see also A.R. 713 ("no repetitive hand work")).  Dr. Leynes, an examining physician, opined that Plaintiff "has limitations in detailed use of the hands and fingers" and also specifically stated that Plaintiff can "never or rarely" grasp, turn and twist objects or use her hands/fingers for fine manipulations (623, 627).  Dr. Leynes observed that "[t]here are fine tremors on both outstretched hands" (A.R. 620).  The Administration did not expressly address Dr. Katz's opinion regarding repetitive hand activities or Dr. Leynes' opinion that Plaintiff can "never or rarely" use her hands for certain activities including fine manipulations.[2]

///

---

[2] The Administration did expressly address Dr. Leynes' opinion that Plaintiff "has limitations in detailed use of the hands and fingers" (A.R. 31).

1    Defendant argues that Dr. Leynes' statement regarding limitations
2 in detailed use of Plaintiff's hands and fingers was "ambiguous,"
3 "open to interpretation," and "relatively consistent with the
4 Administration's conclusion Plaintiff frequently could use her hands
5 for fine and gross manipulation" (Defendant's Motion at 8-9).
6 Defendant fails to mention Dr. Leynes' more specific opinions
7 regarding Plaintiff's ability to use her hands.  Moreover, as the
8 Defendant elsewhere acknowledges (Defendant's Motion at p. 7 n.2),
9 "ambiguous" evidence triggers the Administration's duty to develop the
10 record.  See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)
11 ("[t]he ALJ's duty to supplement a claimant's record is triggered by
12 ambiguous evidence"); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th
13 Cir. 2001) ("[a]mbiguous evidence, or the ALJ's own finding that the
14 record is inadequate to allow for proper evaluation of the evidence,
15 triggers the ALJ's duty to conduct an appropriate inquiry") (citations
16 and quotations omitted).

18    Neither the Administration nor the Defendant has mentioned the
19 opinion of the treating physician that Plaintiff should have "no
20 repetitive hand work" and "no repetitive hand activities."  Under the
21 law of the Ninth Circuit, the opinions of treating physicians command
22 particular respect.  "As a general rule, more weight should be given
23 to the opinion of the treating source than to the opinion of doctors
24 who do not treat the claimant. . . ."  Lester v. Chater, 81 F.3d 821,
25 830 (9th Cir. 1995) (citations omitted).  A treating physician's
26 conclusions "must be given substantial weight."  Embrey v. Bowen, 849
27 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759,
28 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the

subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physicians' opinions). Even where the treating physician's opinions are contradicted,[3] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

The Court is unable to deem the errors in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").
///

---

[3] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d at 1285; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

9

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further proceedings to allow the ALJ to "comment on" the treating physician's opinion). Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if the treating physician's opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

///
///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 14, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.

11